HILL, Justice,
dissenting.
[113] I respectfully dissent because I cannot agree, under the circumstances of this case, that perpetuating a falsity outweighs the enormous preference that the law affords to ferreting out the truth.
[T 14] The case now before the Court was initiated on March 7, 2008, when the State of Wyoming, Department of Family Services (DFS), filed a petition to establish paternity and support. DFS brought the action on behalf of NSM (the Child) who was born on December 1, 1996. NJM is the Childs Mother. DNW was also named as a party to that action as the "putative father." Undisputed DNA evidence that DNW was the Child's biologic father persuaded the district court to conclude that DNW was the Child's biologic father. MDG was the Child's Father-By-Affidavit from early 1999 until October of 2002, but he was not a party to this action.
[115] When Mother discovered that she was pregnant, she told biologic father of the pregnancy and that she thought he was the father. Biologic father did not think he was the father and he never heard from Mother *999 again. In a "Counterclaim and Cross-Claim" filed February 20, 2004, biologic father called the district court's attention to Father-By-Affidavit, but he was not joined as a party. Trial to the court was conducted on June 7, 2005. On July 31, 2006, the district court entered its order identifying the biologic father, but the district court did not address either support or visitation at that time. Exactly why this case took three years and four months to be resolved is not readily evident from the record. The order from which the appeal was taken was not a "final order," but it was an "appealable order" because it was "an order affecting a substantial right made in a special proceeding." W.R.A.P. 1.05; and see comment to Rule 1.05 at 823-32 P.2d (Wyo.Rptr.) LII ("The number of this rule did not change, but the language was adjusted significantly to refine and clarify what an appealable order is, whether it be a final or interlocutory order.").
[T16]) Child is now over ten-years-old. His Father-By-Affidavit is no longer in the picture and has not been for over four years now. Child's birth certificate showed that he had no father at the time of trial. Father-By-Affidavit was relieved of the burden of his affidavit by the district court in a divorce decree entered on October 21, 2002, and the Child's birth certificate was adjusted accordingly. That judgment was not appealed.
[T17] This is, indeed, a "profound human dilemma" and one not dissimilar to others we unfortunately see with some considerable frequency. I dissent from the majority view principally because I am convinced that the truth is the best result we can reach in this case and because the truth is not inconsistent with the best interests of the child. See State, Div. of Child Support ex rel. NDB, 2001 WY 118, ¶14, 35 P.3d 1224, 1228 (Wyo.2001); GDK v. State, Dept. of Family Services, 2204 WY 78, 92 P.3d 834 (Wyo.2004); and MAM v. State Dept. of Family Services, 2004 WY 127, 99 P.3d 982 (Wyo.2004).
[T18] In addition, I am deeply concerned that the majority disturbs a quiescent judgment that is not before the Court in this appeal, and appears to set in stone the legal rights and remedies of the Father-By-Affidavit even though he is not a party to these proceedings. See W.R.C.P. 19.
[119] I would affirm the district court's order in all respects.